FILED

2017 Mar-20  AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NKOSI L LUMUMBA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **CASE NO.: 2:16-cv-01197-KOB** |
| | ) | |
| BIRMINGHAM JEFFERSON | ) | |
| COUNTY TRANSITY AUTHORITY et | ) | |
| al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

On November 8, the court ordered Mr. Lumumba to show cause why it should not dismiss his case for failure to prosecute. (Doc. 13). Mr. Lumumba never responded to the court's order. A copy of the order mailed by the Clerk to the address provided by Mr. Lumumba was returned as undeliverable, indicating that delivery was attempted but that the addressee was not known at place of address. *See* (Docs. 15, 16). Out of an abundance of caution, the court directed the Clerk to mail the order again to Mr. Lumumba. Once again, the mail was returned as undeliverable. Prior to November 18, 2016, Mr. Lumumba received service at the address.

Throughout this litigation, Mr. Lumumba has failed to comply with this court's orders. Mr. Lumumba has failed to appear at three settings of the court. The court set a hearing on Mr. Lumumba's motion to remand for November 4, 2016 at 10:00am at the Hugo Black Courthouse. *See* (Doc. 9). Counsel for the Defendants was present at the scheduled time, but Mr. Lumumba failed to appear. Mr. Lumumba failed to call into a telephone conference and failed to show for a hearing where he has warned beforehand that failure to attend could result in the court dismissing

1

his case. *See* (Doc. 7 at 2).

The magistrate judge previously handling this case noted in an order provided to Mr. Lumumba that "this case may be subject to dismissal for failure to prosecute." *Id.* at 3. Even with multiple warnings that Mr. Lumumba's case was subject to dismissal if he refused to comply with the court's orders, he still failed to attend the latest hearing set by the court. The court's order to show cause explicitly warned Mr. Lumumba that failure to respond would result in dismissal of his case.

A district court has inherent power to control its docket. *See Martin v. Automobili Lamborghini Exclusive, Inc*., 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."). Fed. R. Civ. P. "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal is a harsh remedy, and should only be used a last resort when other sanctions would be ineffective and a "clear record of delay or contumacious conduct by the plaintiff" exists. *McKelvey v. AT&T Tech., Inc*., 789 F.2d 1518, 1520 (11th Cir. 1986).

The only sanction sufficient to remedy Mr. Lumumba's repeated violations of the court's orders is dismissal. Mr. Lumumba received notice of the court's warning that his action could be dismissed for failure to prosecute before mail began being returned as undeliverable from his listed address. *See* (Doc. 6). Coupled with his apparent failure to update the court of his current address, the court can only conclude that Mr. Lumumba has abandoned this action. The court will enter a separate order accompanying this opinion dismissing this case with prejudice.

**DONE** this the 20th day of March, 2017

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE